FILE #: 22477
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANDREW PANDIANI,

                         Plaintiff(s),

      -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT and "JOHN DOE", name fictitious, intended being that
of Police Officer(s)

                        Defendant(s).
-------------------------------------------------------------------X

FILED
CLERK
2015 NOV -5  PM 12: 45

TRIAL BY JURY
DEMANDED

VERIFIED COMPLAINT

**CV 15    6346**

**BLOCK, J.**

**POLLAK, M.J.**

Plaintiff, complaining of the defendants, by his attorney, upon information and belief, respectfully allege(s):

### AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF OF PLAINTIFF ANDREW PANDIANI

1. That at all the times herein mentioned the defendant THE CITY OF NEW YORK, hereinafter referred to as "CITY", was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

2. That at all the times herein mentioned the defendant NEW YORK CITY POLICE DEPARTMENT, hereinafter referred to as "NYCPD," was and still is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all the times herein mentioned, the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), was and still is a police officer employed by defendant CITY and NYCPD.

4. That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiffs with the Corporation Counsel of the defendant CITY and with the Comptroller of the

defendant CITY and with the Legal Department of the defendant NYCPD and upon the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), within 90 days after the cause of action herein accrued.

5. That pursuant to notice given by the defendants a hearing was held in abeyance pending the criminal charges being resolved.

6. That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller Legal Department of the defendants CITY and the Legal Department of the defendant NYCPD, for adjustment and that he has neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year after the cause of action accrued.

7. That the amount in controversy in this action exceeds ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs.

8. That diversity of citizenship exists pursuant to 28 USC 1332.

9. That on or about 3/28/2015, defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), did verbally and physically abuse plaintiff and did commit an assault and battery upon plaintiff, causing severe personal injuries, and serious bodily harm.

10. That on or about 3/28/2015, defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), did handcuff, falsely arrest, falsely charge, unlawfully detained and maliciously prosecuted plaintiff with the penal law violation of felony, assault and violations of the vehicle and traffic law.

11. That all charges against plaintiff arising out of the aforementioned incident have now been dismissed by the Court.

12. That the aforesaid acts of defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), were willful, intentional and unwarranted and without any just cause or provocation.

13. That at all times herein mentioned, and specifically on 3/28/2015, defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), was on duty as a police officer for defendants CITY and NYCPD.

14. That at all the times herein mentioned, and specifically 3/28/2015, defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), was in uniform as a police officer for defendant CITY and NYCPD.

15. That at all the times herein mentioned, and specifically 3/28/2015, defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), was acting within the scope of his employment as a police officer for defendants CITY and NYCPD.

16. That the defendants CITY, NYCPD and "JOHN DOE", name fictitious, intended being that of Police Officer(s), their agents, servants and/or employees were negligent in performing their duties; in failing to protect plaintiff from actual and imminent harm, in hiring and/or retaining in its employ personnel who are violent and/or possess violent propensities, persons, who would assault and commit battery on law abiding individuals, law enforcement personnel who make an arrest without reasonable cause; in failing to adequately train and supervise its personnel; in causing, allowing and/or permitting unwarranted use of force against claimant; and in causing, allowing or permitting its personnel to improperly effectuate arrest, all in violation of statutes, ordinances and regulations.

17. That at all the times herein mentioned, the actions of the defendants were negligent and not in accordance with proper police procedures and regulations.

18. That said occurrence and the resulting personal injuries to the said plaintiff were caused through no fault of his own, but were caused solely and wholly by reason of the negligence of the aforementioned defendants as set forth above.

19. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes,

permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION
### IN BEHALF OF PLAINTIFF ANDREW PANDIANI

20. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

21. That on or about 3/28/2015, the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), did verbally, physically, intentionally, maliciously and deliberately abuse the plaintiff, with neither provocation nor privilege, and did commit an assault and battery upon plaintiff, causing severe personal injuries and serious and permanent bodily harm to the plaintiff.

22. That at the time of such malicious prosecution, the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), was an employee of the defendants and was acting as the defendants' agent in doing the acts complained of herein and was acting within the scope of his authority and while he was acting or attempting to be acting in the defendant's interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### IN BEHALF OF PLAINTIFF ANDREW PANDIANI

23. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

24. That or about , the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), was negligent in causing and allowing and/or permitting his body or parts thereof to come in contact with the person of the plaintiff in such a manner as to cause severe personal injuries and serious and permanent bodily harm to the plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF ANDREW PANDIANI

25. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

26. That on or about , the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), alleged that he had been criminally and feloniously assaulted by the plaintiff, thereupon without warrant, probable cause or sufficient justification, arresting the plaintiff on the alleged charges and restraining and booking the plaintiff and depriving the plaintiff ANDREW PANDIANI of his liberty.

27. That the charges filed by the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), were false and unsupported by the facts or the evidence.

28. That the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), knew that the charges were false and unsupported by the facts or the evidence.

29. That in making this charge and in causing the arrest and detention of the plaintiff ANDREW PANDIANI the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), acted maliciously and wrongfully and with improperly and with intent to injure the plaintiff and with reckless disregard of the safety of the plaintiff.

30. That the charges brought by the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), were dismissed by the Court.

31. That at the time of such malicious prosecution, the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), was an employee of the defendants and was acting as the defendants' agent in doing the acts complained of herein and was acting within the scope of his authority and while he was acting or attempting to be acting in the defendants' interest.

32. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be

sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A FIFTH CAUSE OF ACTION
### IN BEHALF OF PLAINTIFF ANDREW PANDIANI

33. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

34. That the plaintiff ANDREW PANDIANI was charged by the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), with felony assault.

35. That this arrest was illegal and without basis in fact or authority of law.

36. That plaintiff ANDREW PANDIANI was deprived of his liberty for over twenty-four hours, was held in the detention cells of the police station and then held in the detention cells of Central Booking and then held in the detention cells of the Courthouse.

37. As a result of the false arrest and illegal imprisonment which the plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, were incurred to secure his release.

38. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and

which warrants the jurisdiction of this Court.

### AS AND FOR A SIXTH CAUSE OF ACTION
### IN BEHALF OF PLAINTIFF ANDREW PANDIANI

39.  Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

40.  That on or about 3/28/2015, the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s)'s acts constituted an willful and wanton disregard of the safety and Civil and constitutional rights of the plaintiff.

41.  That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES PREDICATED ON FALSE ARREST AND FALSE IMPRISONMENT

42.  Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

43.  That on or about 3/28/2015, plaintiff had an assault and battery committed upon him by defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), at the location East 46th Street between Park Avenue and Madison Avenue, New York, New York.

44. That on or about 3/28/2015, at East 46th Street between Park Avenue and Madison Avenue, New York, New York plaintiff was illegally placed in handcuffs and suffered public embarrassment, sustained physical abuse, harassment and illegal confinement by defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s).

45. That on or about 3/28/2015, plaintiff was further harassed and illegally issued summonses by defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s) at the aforementioned location.

46. That on 3/28/2015, said summonses issued to the plaintiff by defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), were dismissed by Criminal court of the City of New York.

47. That as a result of the harassment and illegal confinement which the plaintiff suffered, plaintiff's legal and constitutional rights were violated, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power impaired, all to plaintiff's damage in the sum of having a present value that exceeds the jurisdictional limits o fall lower court which would otherwise have jurisdiction fo this matter, along with fees, costs and expenses.

48. That as a result of the aforementioned described actions, including the use of excessive physical force and negligent infliction of emotional harm upon the plaintiff, the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), deprived plaintiff of the *rights, privileges and immunities* secured by the constitution and laws of the United States and Fourteenth Amendment.

49. As a result of the aforedescribed actions, these defendants individually deprived plaintiff of the *right to be free from unreasonable seizures* secured by the constitution and laws of the Unite States and Fourteenth Amendments.

50. As a result of the aforedescribed actions, the defendants individually deprived plaintiff of his *right to liberty without due process* of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

51. As a result of the aforedescribed actions, the defendants individually deprived plaintiff of his **Equal Protection** under the law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

52. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. 1981, 1983, 1985 and 1986.

53. That it was necessary for plaintiff to hire the undersigned attorney to file this lawsuit and upon judgment, plaintiff is entitled to an award of attorney's fees under 42 UY.S.C. § 1988(b).

### AS AND FOR A EIGHTH CAUSE OF ACTION
### FOR VIOLATION OF PLAINTIFF ANDREW PANDIANI

54. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

55. On 3/28/2015, plaintiff suffered severe injuries and trauma to head, neck, Back, wrists, body limbs, emotional distress, physical, psychological and emotional disturbances when the defendant, "JOHN DOE", name fictitious, intended being that of Police Officer(s), attacked plaintiff, threw him to the ground without provocation at the location East 46th Street between Park Avenue and Madison Avenue, New York, New York.

56. Defendants used unreasonable, unnecessary and excessive force while arresting and detaining plaintiff.

57. That as a result of the aforedescribed actions, including the use of excessive physical force and negligent infliction of emotional harm upon the plaintiff, the defendant "JOHN DOE", name fictitious, intended being that of Police Officer(s), deprived plaintiff of the *rights, privileges and immunities* secured by the constitution and laws of the United States and Fourteenth Amendment.

58. As a result of the aforedescribed actions, this defendant individually deprived plaintiff of the *right to be free from unreasonable seizures* secured by the constitution of the lawa as of the United States and Fourth and Fourteenth Amendments.

59. As a result of the aforedescribed actions, the defendant individually deprived plaintiff of his *right to liberty without due process* of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

60. The amount and type fo the physical force used upon plaintiff by defendant was unnecessary, improper, excessive and not reasonably justified under any circumstances.

61. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. 1981, 1983, 1985 and 1986.

62 The aforementioned acts of the defendant were intentional, willful malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

63. The aforementioned use of force and infliction of emotional harm caused immediate injury in the form of physical and emotional pain, suffering, shock, fright, humiliation embarrassment, disgrace and deprivation of plaintiff's constitutional rights.

65. That it was necessary fort plaintiff to hire the undersigned attorney to file this lawsuit and upon judgment, plaintiff is entitled to an award of attorney's fees under 42 U.S.C. § 1988(b).

WHEREFORE, plaintiff demands judgment against the defendants in the FIRST cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, plaintiff demands judgment against the defendants in the SECOND cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, plaintiff demands judgment against the defendants in the THIRD cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, plaintiff demands judgment against the defendants in the FOURTH cause of action in an amount

which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, plaintiff demands judgment against the defendants in the FIFTH cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, plaintiff demands judgment against the defendants in the SIXTH cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, plaintiff demands judgment against the defendants in the SEVENTH cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, plaintiff demands judgment against the defendants in the EIGHTH cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court, together with the costs and disbursements of this action

Yours, etc.

HERB ERT S. SUBIN, ESQ. (5499)
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiff
150 Broadway
New York, New York 10038

STATE OF NEW YORK)
COUNTY OF NEW YORK)

The undersigned, an attorney, admitted to practice in the Courts of the State of New York. The undersigned affirms that the following statements are true under the penalties of perjury.

That deponent is associated with the attorney for the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by plaintiff is that plaintiff resides outside of the County where your deponent holds his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

DATE: NEW YORK, NEW YORK
November 2, 2015

**HERBERT S. SUBIN, ESQ. (5499)**