AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| ANDREW PANDIANI ) | |
| ) | |
| ) | |
| ) | |
| _Plaintiff(s)_ ) | |
| v. ) | Civil Action No. 15 CV 6346 |
| ) | |
| THE CITY OF NEW YORK, NEW YORK CITY ) | |
| POLICE DEPARTMENT ) | |
| [see rider for additional defendants] ) | |
| ) | |
| _Defendant(s)_ ) | |

AMENDED
## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* THE CITY OF NEW YORK, 100 CHURCH STREET, NEW YORK, NEW YORK
NEW YORK CITY POLICE DEPARTMENT, 1 POLICE PLAZA, NEW YORK, NY
CLYDE MOYER, Shield # 4072, 1 POLICE PLAZA, NEW YORK, NY
DMITRIY SHERY, Shield 676, 1 POLICE PLAZA, NEW YORK, NY
PHILIP VACCARINO, Shield # 4884, 1 POLICE PLAZA, NEW YORK, NY,
CHRISTOPHE PARCO and VINCENT AGOSTINO,1 POLICE PLAZA, NEW YORK,
NY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     SUBIN ASSOCIATES, LLP
150 Broadway - 23rd Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____                    _____
                                        *Signature of Clerk or Deputy Clerk*

## DEFENDANT(S) RIDER

CLYDE MOYER, Shield # 4072
C/O New York City Police Department
1 Police Plaza – Room # 1100
New York, New York 10007

DMITRIY SHERY, Shield # 676
C/O New York City Police Department
1 Police Plaza – Room # 1100
New York, New York 10007

PHILIP VACCARINO, Shield # 4884
C/O New York City Police Department
1 Police Plaza – Room # 1100
New York, New York 10007

CHRISTOPHE PARCO
C/O New York City Police Department
1 Police Plaza – Room # 1100
New York, New York 10007

VINCENT AGOSTINO
C/O New York City Police Department
1 Police Plaza – Room # 1100
New York, New York 10007

FILE #: 22477
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANDREW PANDIANI,

                              Plaintiff(s),

                    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, CLYDE MOYER, Shield # 4072, DMITRIY
SHERY, Shield # 676, PHILIP VACCARINO, Shield # 4884,
CHRISTOPHE PARCO and VINCENT AGOSTINO

                              Defendant(s).
----------------------------------------------------------------------X

**AMENDED**
**VERIFIED COMPLAINT**

TRIAL BY JURY DEMANDED

Docket #:  15 CV 6346

Plaintiff Andrew Pandiani, by and through his attorneys, the law firm of Subin Associates, LLP, state as follows:

## INTRODUCTION

1.   This is an action for damages for the wrongful acts of defendants THE CITY OF NEW YORK, Clyde Moyer, Shield # 4072, Dmitriy Shery, Shield # 676, Philip Vaccarino, Shield # 4884, Christophe Parco and Vincent Agostino, each individually and as police officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of plaintiff's rights secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the Constitution and laws of the United States.

2.   On March 28, 2015, plaintiff Andrew Pandiani was assaulted and battered by five uniformed New York City police officers, defendants Clyde Moyer, Shield # 4072, Dmitriy Shery, Shield # 676, Philip Vaccarino, Shield # 4884, Christophe Parco and Vincent Agostino,

3.      Defendants Clyde Moyer. Shield # 4072, Dmitriy Shery. Shield # 676, Philip Vaccarino,
        Shield # 4884. Christophe Parco and Vincent Agostino, acting under the color of law,
        committed these unwarranted and unjustified assaults upon plaintiff.

4.      These willful violations of Mr. Pandiani's constitutional rights could only have occurred
        due to a complete absence of supervision and training for police officers concerning
        making an arrest. when to use force, and what constitutes excessive force.

5.      As a direct result of the defendants' assault committed under the color of state law,
        plaintiff Andrew Pandiani's constitutional rights were violated and he has suffered severe
        physical. emotional, and monetary damages.

### JURISDICTION

6.      Subject Matter Jurisdiction is predicated on a federal question pursuant to 42 U.S.C. §
        1983.

7.      Supplemental jurisdiction over Mr. Pandiani's state law claims exists pursuant to 28
        U.S.C. § 1367(a).

8.      Mr. Pandiani has complied with the requirements of New York General Municipal Law
        Section 50-i by serving a notice of claim on the New York City Law Department on May
        20, 2015, within the time required by New York General Municipal Law Section 50-3.
        More than thirty days have elapsed since the service of that notice, and no offer of
        settlements has been made.

9.      At the request of the City of New York, Mr. Pandiani submitted to a hearing pursuant to
        New York General Municipal Law Section 50-h.

### VENUE

10.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York, the

judicial district in which the claims arose.

## JURY DEMAND

11.     Pursuant to the Seventh Amendment of the United States Constitution. plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

12.     Plaintiff Andrew Pandiani was at all times material to this Complaint a citizen and resident of the State of New York. He remains a citizen of New York and resides in Staten Island.

13.     The City of New York. which is a municipality that is a political subdivision of the State of New York, was the employer of the individual defendants. and is and was at all times relevant to this Complaint responsible for the policies, practices, and customs of the New York City Police Department ("NYPD")

14.     Defendant Clyde Moyer. Shield # 4072. at all times relevant to this Complaint was a duly appointed police officer of the NYPD. acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes. ordinances. regulations, policies, customs, and usage of the City of New York and the state of New York.

15.     Defendant, Dmitriy Shery, Shield # 676, at all times relevant to this Complaint was a duly appointed police officer of the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York.

16.     Defendant, Philip Vaccarino. Shield # 4884, at all times relevant to this Complaint was a duly appointed police officer of the NYPD. acting under color of law and in his

individual capacity within the scope of employment pursuant to the statutes. ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York.

17.  Defendant, Christophe Parco at all times relevant to this Complaint was a duly appointed police officer of the NYPD. acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances. regulations, policies, customs, and usage of the City of New York and the State of New York.

18.  Defendant, Vincent Agostino at all times relevant to this Complaint was a duly appointed police officer of the NYPD. acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes. ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York.

## FACTS

19.  On March 28, 2015 at approximately 9:50 p.m., Detective Clyde Moyer and Detective Dmitriy Shery of Narcotics Borough Staten Island. stopped Andrew Pandiani's car at Saxon Avenue and Ferndale Avenue in Staten Island without legal jusitifcation. Detective Moyer and Detective Shery searched Mr. Pandiani's wallet and Mr. Pandiani's car without his consent.  During the search. the officers caused damaged to Mr. Pandiani's vehicle.  Detective Moyer removed a police scanner from Mr. Pandiani's car and issued him a summons.

20.  Mr. Pandiani then drove to the 121st Precinct stationhouse to complain about Detective Moyer and Detective Shery.  Police Officer Christopher Parco, the telephone and switchboard operator, told Mr. Pandiani that he could not make a CCRB complaint and

that Mr. Pandiani had to wait for Detective Moyer and Detective Shery to come back. When Detective Moyer returned. he approached Mr. Pandiani and asked for his license. Detective Moyer then arrested Mr. Pandiani without any legal justification.

21. Mr. Pandiani then spoke to Detective Mathew Reich and several unidentified officers, one of whom said, "You think we give a fuck about your CCRBs? The City has paid millions of dollars because of me and I don't give a shit."

22. Mr. Pandiani was taken to the holding cell where Detective Moyer began vouchering his property. Detective Moyer. Detective Philip Vaccarino and two other officers then punched, kicked, stomped. and otherwise battered Mr. Pandiani.

23. Detective Moyer and Detective Shery transported Mr. Pandiani to Staten Island Central Booking. While there. Mr. Pandiani requested medical attention and was transported to Richmond University Medical Center. Outside the hospital. Detective Shery told Mr. Pandiani that if he mentioned the beating to the medical staff. he would make his life a "living hell" and told Mr. Pandiani that he might not make it back to the stationhouse alive.

## CUSTOM AND PRACTICE OF FAILING TO TRAIN OR SUPERVISE

24. The NYPD had a custom, policy, or pattern and practice of failing to adequately train, supervise, or discipline officers concerning basic techniques in making arrests, the use of force. as well as use of excessive force.

## DAMAGES

25. The actions of the defendants deprived the plaintiff of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of New York.

26.     The unlawful, intentional, willful, acts of the defendants Clyde Moyer, Shield # 4072,

        Dmitriy Shery, Shield # 676. Philip Vaccarino, Shield # 4884, Christophe Parco and

        Vincent Agostino caused great mental and physical distress and pain and suffering to Mr.

        Pandiani which he suffers from and will continue to suffer from.

## FIRST CLAIM: 42 U.S.C. §1983 4TH AND 14TH AMENDMENT CLAIMS FOR FALSE FALSE IMPRISONMENT

27.     Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs

        1 through 26.

28.     Defendants, despite knowing that probable cause did not exist to arrest Mr. Pandiani,

        confined Mr. Pandiani against his will.

29.     Detective Moyer and Detective Shery searched Mr. Pandiani's vehicle and person

        without his consent and without probable cause. reasonable suspicion, or other legal

        justification for doing so.

## SECOND CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (DEFENDANT CLYDE MOYER)

30.     Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs

        1 through 29.

31.     On March 28, 2015 at approximately 10:50 p.m. and continuing up to approximately

        12:20 a.m., at the 121st Precinct stationhouse, in the County of Richmond, City and State

        of New York, the defendant Clyde Moyer, Shield # 4072, without just cause or

        provocation and in violation of proper and appropriate police conduct, and with

        maliciousness and violence, used unnecessary and excessive force in kicking, stomping,

        elbowing, and otherwise battering Mr. Pandiani while under arrest and incarcerated in the

        holding cell at the 121st Precinct.

32. That the defendants, their agents. servants and employees. acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer would under the circumstances, in that they repeatedly kicked and stomped on Mr. Pandiani, elbowed, and otherwise battered Mr. Pandiani while he was incarcerated in the holding cells at the 121st Precinct.

33. By reason of the aforesaid. plaintiff Andrew Pandiani suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damages.

34. The acts and conduct of defendant  Clyde Moyer. Shield # 4072, as alleged in the foregoing paragraphs, constitute objectively unreasonable. unnecessary and excessive force in violation of 42 U.S.C. §1983.

35. Defendant Clyde Moyer. Shield # 4072's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

36. Defendant Clyde Moyer, Shield # 4072. intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent. seriously injuring Plaintiff.

37. By reason of their acts and omissions, Defendant Clyde Moyer, Shield # 4072, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

38. As a result of the conduct of Defendants Clyde Moyer. Shield # 4072, and City of New York. Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering. future pain and suffering, disabling physical symptoms. All of said injuries

may be permanent and all have caused diminution in the quality of Plaintiff's life.

39.     As a result of the conduct of Defendants Clyde Moyer. Shield # 4072, and City of New York. Plaintiff has been forced to incur, past, present, and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

40.     In addition, the acts of the Defendant Clyde Moyer, Shield # 4072, were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein. Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future, and as an example to others similarly situated.

## THIRD CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (Defendant: DIMITRIY SHERY)

41.     Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 40.

42.     On March 28, 2015 at approximately 10:50 p.m. and continuing up to approximately 12:20 a.m., at the 121st Precinct stationhouse, in the County of Richmond, City and State of New York, the defendant Dmitriy Shery. Shield # 676, without just cause or provocation and in violation of proper and appropriate police conduct, and with

maliciousness and violence. used unnecessary and excessive force in kicking, stomping. elbowing, and otherwise battering Mr. Pandiani while under arrest and incarcerated in the holding cell at the 121st Precinct.

43. That the defendants. their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer would under the circumstances. in that they repeatedly kicked and stomped on Mr. Pandiani. elbowed. and otherwise battered Mr. Pandiani while he was incarcerated in the holding cells at the 121st Precinct.

44. By reason of the aforesaid. plaintiff Andrew Pandiani suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damages.

45. The acts and conduct of defendant Dmitriy Shery, Shield # 676. as alleged in the foregoing paragraphs. constitute objectively unreasonable. unnecessary and excessive force in violation of 42 U.S.C. §1983.

46. Defendant Dmitriy Shery, Shield # 676's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

47. Defendant Dmitriy Shery, Shield # 676, intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

48. By reason of their acts and omissions, Defendant Dmitriy Shery, Shield # 676, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

49. As a result of the conduct of Defendants Dmitriy Shery. Shield # 676, and City of New York. Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering. future pain and suffering. disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

50. As a result of the conduct of Defendants Dmitriy Shery, Shield # 676, and City of New York. Plaintiff has been forced to incur, past, present. and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries. all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

51. In addition. the acts of the Defendant, Dmitriy Shery. were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and. in addition to all of the measures of relief to which Plaintiff may properly be entitled herein. Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future, and as an example to others similarly situated.

## FOURTH CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (Defendant: PHILIP VACCARINO)

52. Plaintiff repeats. realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 51.

53. On March 28. 2015 at approximately 10:50 p.m. and continuing up to approximately

12:20 a.m., at the 121st Precinct stationhouse, in the County of Richmond, City and State of New York, the defendant Philip Vaccarino, Shield # 4884, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force in kicking, stomping, elbowing, and otherwise battering Mr. Pandiani while under arrest and incarcerated in the holding cell at the 121st Precinct.

54.     That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer would under the circumstances, in that they repeatedly kicked and stomped on Mr. Pandiani, elbowed, and otherwise battered Mr. Pandiani while he was incarcerated in the holding cells at the 121st Precinct.

55.     By reason of the aforesaid, plaintiff Andrew Pandiani suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damages.

56.     The acts and conduct of defendant Philip Vaccarino, Shield # 4884, as alleged in the foregoing paragraphs, constitute objectively unreasonable, unnecessary and excessive force in violation of 42 U.S.C. §1983.

57.     Defendant Philip Vaccarino, Shield # 4884's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

58.     Defendant Philip Vaccarino, Shield # 4884, intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

59.     By reason of their acts and omissions, Defendant Philip Vaccarino, Shield # 4884, acting

under color of state law and within the scope of his authority. in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

60. As a result of the conduct of Defendants Philip Vaccarino. Shield # 4884. and City of New York. Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering. future pain and suffering, disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

61. As a result of the conduct of Defendants Philip Vaccarino, Shield # 4884, and City of New York. Plaintiff has been forced to incur. past. present. and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused. permitted and allowed to fear for his physical safety, suffer humiliation. embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries. all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

62. In addition. the acts of the Defendant Philip Vaccarino, Shield # 4884. were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and. in addition to all the damages inflicted to the Plaintiff and. in addition to all of the measures of relief to which Plaintiff may properly be entitled herein. Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future. and as an example to others similarly situated.

## FIFTH CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (Defendant: CHRISTOPHE PARCO)

63.   Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 62.

64.   On March 28, 2015 at approximately 10:50 p.m. and continuing up to approximately 12:20 a.m., at the 121st Precinct stationhouse, <u>in the County of Richmond, City and State of New York,</u> the defendant Clyde Moyer, Shield # 4072, Christophe Parco, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force in kicking, stomping, elbowing, and otherwise battering Mr. Pandiani while under arrest and incarcerated in the holding cell at the 121st Precinct.

65.   That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer would under the circumstances, in that they repeatedly kicked and stomped on Mr. Pandiani, elbowed, and otherwise battered Mr. Pandiani while he was incarcerated in the holding cells at the 121st Precinct.

66.   By reason of the aforesaid, plaintiff Andrew Pandiani suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damages.

67.   The acts and conduct of defendant Christophe Parco, as alleged in the foregoing paragraphs, constitute objectively unreasonable, unnecessary and excessive force in violation of 42 U.S.C. §1983.

68.   Defendant Christophe Parco's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent

harmful and offensive bodily contact.

69.     Defendant Christophe Parco intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

70.     By reason of their acts and omissions, Defendant Christophe Parco, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

71.     As a result of the conduct of Defendants Christophe Parco and City of New York, Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

72.     As a result of the conduct of Defendants Christophe Parco and City of New York, Plaintiff has been forced to incur, past, present, and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

73.     In addition, the acts of the Defendant Christophe Parco were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant

should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future, and as an example to others similarly situated.

## SIXTH CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (Defendant: VINCENT AGOSTINO)

74. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 73.

75. On March 28, 2015 at approximately 10:50 p.m. and continuing up to approximately 12:20 a.m., at the 121st Precinct stationhouse. in the County of Richmond, City and State of New York, the defendant Vincent Agostino, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force in kicking, stomping. elbowing, and otherwise battering Mr. Pandiani while under arrest and incarcerated in the holding cell at the 121st Precinct.

76. That the defendant. their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer would under the circumstances, in that they repeatedly kicked and stomped on Mr. Pandiani, elbowed. and otherwise battered Mr. Pandiani while he was incarcerated in the holding cells at the 121st Precinct.

77. By reason of the aforesaid. plaintiff Andrew Pandiani suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damages.

78. The acts and conduct of defendant Vincent Agostino, as alleged in the foregoing paragraphs, constitute objectively unreasonable, unnecessary and excessive force in

violation of 42 U.S.C. §1983.

79.    Defendant Vincent Agostino's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

80.    Defendant Vincent Agostino intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

81.    By reason of their acts and omissions. Defendant Vincent Agostino, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

82.    As a result of the conduct of Defendants Vincent Agostino and City of New York, Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

83.    As a result of the conduct of Defendants Vincent Agostino and City of New York, Plaintiff has been forced to incur, past, present, and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

84.    In addition, the acts of the Defendant Vincent Agostino were so egregious and reprehensible and were performed in a manner which so violates the law and which were

so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein. Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future. and as an example to others similarly situated.

## SEVENTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS (Defendant: CITY OF NEW YORK)

85.    Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 84.

86.    At all times material to this complaint, defendant CITY OF NEW YORK. acting through its police department, the New York City Police Department. has in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

87.    These policies, practices and customs include, *inter alia*, the use of excessive force in performing their police duties.

88.    Upon information and belief, defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant officers, sergeants and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detectives, sergeants and employees. thereby permitting and allowing the defendant officers, sergeants and employees herein to be in a position to maliciously assault and batter the

plaintiff without cause of justification, in a demonstration of the unnecessary and excessive force used against plaintiff, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause him injury and violate his constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

89.    Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. *Inter alia*, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

90.    As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or

usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

91.    The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-86 deprived plaintiff Andrew Pandiani of his rights. privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure. assault and battery. the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

92.    By these actions. defendant CITY OF NEW YORK has deprived plaintiff Andrew Pandiani of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. in violation of 42 U.S.C. §1983 and the New York State Constitution, Article 1 §§6,11. and 12.

93.    As a result of the foregoing, plaintiff Andrew Pandiani sustained great physical injuries, great emotional injuries, was subjected to extreme humiliation and was otherwise harmed, damaged, and injured.

## PRAYER FOR RELIEF

**WHEREFORE** Andrew Pandiani demands judgment against defendants as follows:

(a) Full and fair compensatory damages in an amount to be determined by a jury including but not limited to specific damages.

(b) Punitive damages as allowed by law in an amount to be determined by a jury:

(c) Reasonable attorney's fees and other costs and disbursements of this action;

(d) Interest on all awards as allowed by law: and

(e) Such other and further relief as appears just and proper.

**Dated: New York, New York**
**September 23, 2016**

**TERRELL McCASLAND, ESQ. (-1188)**
**Subin Associates, LLP**
**Attorney for Plaintiff**
**150 Broadway – 23rd Floor**
**New York, New York 10038**

Index No. **15 CV 6346**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------X

ANDREW PANDIANI,

                     Plaintiff(s),

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, CLYDE MOYER, Shield # 4072, DMITRIY SHERY, Shield # 676. PHILIP VACCARINO. Shield # 4884, CHRISTOPHE PARCO and VINCENT AGOSTINO

                  Defendant(s).

## AMENDED SUMMONS AND COMPLAINT

### SUBIN ASSOCIATES, L.L.P.
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
150 Broadway, 23rd Floor
New York, NY 10038
Telephone (212) 285-3800
*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

To:
Attorney(s) for
Service of a copy of the within is hereby admitted
Dated:,

          .......................................................
          Attorney(s) for

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** the clerk of the within named court on     , 201___.
  **ENTRY**

☐    That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon.one of the judges of the within

**SETTLEMENT** named court,
            at
            on       , 201___ , at_____ .
Dated:

                                      SUBIN ASSOCIATES. L.L.P.
                                      Attorneys for plaintiff(s)
                                      150 Broadway. 23rd Floor
      Attorney(s) for Defendant(s)               New York, NY 10038
                                        (212) 285-3800