UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ANDREW PANDIANI,

                              Plaintiff,                  **ORDER**
                                                           15-CV-6346 (MKB) (CLP)
                            v.

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, CLYDE MOYER,
DMITRIY SHERY, PHILIP VACCARINO,
CHRISTOPHE PARCO and VINCENT
AGOSTINO,

                              Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Andrew Pandiani commenced the above-captioned action on November 5, 2015 against the City of New York (the "City"), the New York City Police Department (the "NYPD"), and John Doe. (Compl., Docket Entry No. 1.) On September 23, 2016, Plaintiff filed an Amended Complaint adding Defendants Clyde Moyer, Dmitriy Shery, Philip Vaccarino, Christophe Parco, and Vincent Agostino. (Am. Compl., Docket Entry No. 19.) Plaintiff alleges claims for false arrest, excessive force, unreasonable seizure, and malicious prosecution, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. (*Id.*) Defendants filed an answer to the Amended Complaint on April 4, 2017. (Answer to Am. Compl., Docket Entry No. 31.) For the reasons explained below, the Court dismisses the case for failure to prosecute.

**I. Background**

       On November 16, 2016, Plaintiff's counsel moved to withdraw from the case. (Mot. to Withdraw, Docket Entry No. 24.) By Order dated December 20, 2016, Magistrate Judge Cheryl L. Pollak granted the motion. (Order dated Dec. 20, 2016, Docket Entry No. 25.) On February 8, 2017, Plaintiff appeared at a status conference without counsel. (Min. Entry dated Feb. 8,

2017, Docket Entry No. 29.) Judge Pollak directed Plaintiff to the Pro Se Legal Assistance Project and granted Plaintiff leave until the next status conference to continue searching for counsel. (Order dated Feb. 9, 2017, Docket Entry No. 30). On April 11, 2017, Judge Pollak again directed Plaintiff to the Pro Se Legal Assistance Project and granted Plaintiff additional time until the next status conference to continue searching for counsel. (Order dated Apr. 11, 2017, Docket Entry No. 33.) On May 22, 2017, Plaintiff filed an application requesting court-appointed counsel. (Pl. Mot. to Appoint Counsel, Docket Entry No. 34.) Judge Pollack found the appointment of counsel unwarranted and denied Plaintiff's application on June 5, 2017. (Order dated June 5, 2017, Docket Entry No. 36.)

At a June 8, 2017 status conference, Judge Pollak directed Plaintiff to execute a release for records so that Defendants could obtain Plaintiff's records and depose Plaintiff. (Min Entry dated June 8, 2017, Docket Entry No. 37.) On August 25, 2017, Defendants advised the Court that Plaintiff had failed to provide the executed releases or otherwise respond to Defendants' correspondence regarding the releases. (Defs. Letter dated Aug. 25, 2017, Docket Entry No. 39.) On August 29, 2017, Judge Pollak ordered Plaintiff to produce the executed releases by September 8, 2017 and adjourned the status conference scheduled for September 19, 2017 sine dine, pending Plaintiff's production of the executed releases or communication with Defendant or the Court to demonstrate good cause for why he was unable to produce the requested documents. (Order dated Aug. 29, 2017, Docket Entry No. 40.) Plaintiff failed to provide Defendants with the executed releases by September 8, 2017 and did not provide the Court with a reason for his failure to do so. (Scheduling Order dated Dec. 8, 2017, Docket Entry No. 41.)

During a telephone conference with the parties on January 8, 2018, Defendants represented to Judge Pollak that they had mailed additional releases to Plaintiff. (Order dated

Jan. 8, 2018, Docket Entry No. 45.) Judge Pollak directed Defendants to resend the releases to Plaintiff and ordered Plaintiff to execute the releases and return them immediately. (*Id.*)

On February 1, 2018, Plaintiff failed to appear at a status conference. (Min. Entry dated Feb. 1, 2018, Docket Entry No. 47.) Judge Pollak adjourned the conference to February 16, 2018 and ordered Plaintiff to submit the executed releases to Defendants by the date of the adjourned conference and to appear or otherwise explain why he could not appear at the adjourned conference. (Order dated Feb. 2, 2019, Docket Entry No. 48.) Judge Pollak also notified Plaintiff that if he failed to provide the executed releases or appear at the conference, she would assume he was no longer interested in pursuing the case and would recommend that the action be dismissed for failure to prosecute. (*Id.*)

Plaintiff appeared by telephone at the February 16, 2018 conference and represented that he would provide the second set of releases by March 23, 2018. (Order dated Feb. 20, 2018, Docket Entry No. 50.) Judge Pollak issued an order noting that the Court had issued "numerous Orders directing [Plaintiff] to endorse the releases for his arrest history and medical records," and scheduling a status conference for March 27, 2018. (*Id.*) Plaintiff failed to appear at the status conference on March 27, 2018. (Min. Entry dated Mar. 27, 2018, Docket Entry No. 51.)

On March 30, 2018, Judge Pollak issued a report and recommendation (the "R&R") recommending that the Court dismiss Plaintiff's claims for failure to prosecute. (R&R, Docket Entry No. 52.) A copy of the R&R was mailed to Plaintiff via first class mail on March 30, 2018. Plaintiff has not opposed the R&R.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and

3

recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id*.; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court dismisses this action for failure to prosecute and directs the Clerk of Court to close this case.

Dated: November 5, 2019
     Brooklyn, New York

                             SO ORDERED:

                                        s/ MKB
                                MARGO K. BRODIE
                                United States District Judge